UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES D. CHILDS,

                Plaintiff,

v.                                        Case No. 3:08-cv-1108-J-12HTS

THERESA P. KOENIG, et al.,

                Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated in the Citrus County Jail who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. He names the following Defendants: (1) Theresa P. Koenig (f/k/a Theresa P. Childs), Plaintiff's ex-wife; (2) David Herrara, the buyer of the property; (3) Aames Funding Corporation (mortgage company); John A. Crawford, Clerk of Court and Tax Collector for Nassau County; and the Honorable Brian J. Davis, state circuit court judge. Under the statement of claim, Plaintiff asserts that all of his constitutional rights have been violated, without explanation. Complaint at 8.

In the statement of facts, Plaintiff states the following. Plaintiff owns property in Bryceville, Florida, that was purchased from Theresa P. Koenig in a divorce proceeding in 1998. A warranty deed was filed with the Nassau County Clerk of Court recording

department.      Plaintiff    borrowed    money    from    Aames    Funding
Corporation    (hereinafter    Aames)    to    pay    the    mortgage    of
"Stokes/Nassau" and Theresa P. Koenig.   Under the warranty deed,
Plaintiff was the owner of the property.  For many years, Plaintiff
made payments to Aames.  An escrow account was set up through Aames
to  pay  land  taxes  and  homeowners  insurance,  which  was  never
actually paid by Aames.

    The property was sold in a tax deed sale, without notice to
Plaintiff or Aames.   Theresa P. Koenig was the only person that
received notice, and she had signed a warranty deed in 1998,
recorded in Nassau County.   Plaintiff asserts that, by law, he
should have had thirty days to pay the back taxes.  Since Plaintiff
never received notice while he was incarcerated in the Nassau
County Jail, he was not given the opportunity to pay the back
taxes, and the land was sold by Nassau County and the Nassau County
Tax Collector.

    The land was sold on December 5, 2006.  Theresa P. Koenig made
a claim to the surplus amount that was left over from the tax deed
sale.   When Plaintiff was released from jail, he discovered that
the property had been sold.  He made a claim to the money left
over.   David A. Hallman, the attorney for Nassau County, began a
cover  up  of  the  illegal  and  wrongful  sale.    A  motion  for
interpleader was filed, but the Honorable Brian J. Davis gave David
Herrara  the  property  knowing  that  Plaintiff's  case  was  being

2

appealed (Case No. 07-145-CA) and was pending in the First District Court of Appeal. The other case concerning the property sale, Case No. 07-42-CA, was appealed as well.[1]

As relief for the alleged wrongful sale of his property, Plaintiff seeks compensatory damages, the property at issue and punitive damages.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should

---

[1] Plaintiff states that both cases are currently on appeal in the Supreme Court of Florida. The cases concern the "[i]llegal/wrongful sale (tax deed) and all the wrongdoing's done by all parties involved before & after the sale (tax deed)." Complaint at 5.

only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995). In addition, for liability under 42 U.S.C. § 1983, a plaintiff must allege an affirmative causal connection between a defendant's conduct and a constitutional deprivation. Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The Court is convinced, upon review of the Complaint, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation. Plaintiff fails to state a claim against Theresa P. Koenig and David Herrara, private citizens, as Plaintiff has failed to satisfy the first element under § 1983, that the Defendants are acting under color of state law. Additionally, Aames, a mortgage company, is not a person acting under color of state law.

With regard to Plaintiff's claim that the property was sold without proper notice of back taxes being provided to the lawful owner does not amount to a constitutional deprivation. Mere negligence in properly and accurately notifying a property owner of back taxes will not violate a person's constitutional rights. Furthermore, Plaintiff has failed to support a claim of denial of due process of law. The Due Process Clause is not implicated by a negligent act of an official causing an unintended loss of or injury to life, liberty or property. See Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). Not every legally cognizable injury that results from state action suggests a violation of constitutional rights.

The Court notes that judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.

2000); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084-85 (11th Cir. 1996).
This immunity applies even if the judge's acts are in error,
malicious, or were in excess of his jurisdiction.  <u>Stump v.
Sparkman</u>, 435 U.S. 349, 356 (1978).  Because Plaintiff challenges
the actions taken by the judge during the proceedings in
Plaintiff's property cases, it is clear Judge Davis is absolutely
immune from suit in performing these judicial responsibilities.
<u>Sun v. Forrester</u>, 939 F.2d 924, 925 (11th Cir. 1991) (citations
omitted), <u>cert</u>. <u>denied</u>, 503 U.S. 921 (1992).  Therefore, insofar as
Plaintiff  seeks damages from this judicial officer, his claim is
"completely without a legal basis."  <u>Id</u>.

     With respect to Plaintiff's claim that his property was
unlawfully taken and sold, Plaintiff states that he has two actions
pending in state court for the alleged illegal and wrongful sale of
his property.  <u>See</u> Complaint at 5.  Based on comity and federalism,
this case should be dismissed without prejudice until the state
court has an opportunity to rule on the issue before it.

     Finally, this action must also be dismissed without prejudice
pursuant to 42 U.S.C. § 1997e(e):

> Subsection (e) of 42 U.S.C. § 1997e
> states that "[n]o Federal civil action may be
> brought by a prisoner confined in a jail,
> prison, or other correctional facility, for
> mental or emotional injury suffered while in
> custody without a prior showing of physical
> injury."  This statute is intended to reduce
> the number of frivolous cases filed by
> imprisoned plaintiffs, who have little to lose
> and excessive amounts of free time with which

to pursue their complaints.  See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA).  An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal.  Id. at 980.

Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody.  In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims.  216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and his alleged injuries occurred while he was in custody.  Furthermore, Plaintiff did not suffer any physical injury; however, he is seeking compensatory and punitive damages. Therefore, to the extent he is seeking these damages for mental or emotional injuries, his action is barred by § 1997e(e) as long as he remains incarcerated.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

7

1.    This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this $3RD$ day of December, 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 12/1
c:
James D. Childs

8